JONATHAN K. BAILEY ET AL *v.* GEORGE B. HOWARD.

Warranty—Purchaser of Slaves Took Them Subject to any Change in the Law—Contract—Contingency.

The purchasers of slaves, whilst slavery was an institution of this State, took them subject to any change in the law by which such property was held, unless they expressly provided in their contract for the contingency.

APPEAL FROM HARLAN CIRCUIT COURT.

June 8, 1868.

OPINION OF THE COURT BY JUDGE PETERS:

This is an action on a note executed by appellants to appellees as the executors of J. Kelly, deceased, on the 15th of February, 1861, and due twelve months thereafter for the price of a slave Caroline, of the estate of their testator.

Two grounds of defense are relied upon, *First,* that at the time of the sale, appellees warranted said Caroline to be a slave for life, and by the adoption of the amendment to the Constitution of the United States, whereby slavery was abolished, and Caroline was emancipated, their covenant of warranty was broken. *Second,* that George B. Howard had paid to Mrs. Kelly, the widow of appellees' testator, $500 which should be credited on the note, she having an interest in the fund as a legatee of testator.

Giving to appellants the benefit of the most latitudinous construction that the language in which they allege the bill of sale was written, will admit (for the document is not filed), and it only amounts to a warranty that Caroline, at the date of the sale, was a slave for life; her *status* at that time, was the subject about which they contracted, and until it is shown, that it was different from which appellees warranted it to be, there cannot be a breach of the covenant of warranty.

It is not alleged that appellees expressly covenanted that the Constitution and Laws of Kentucky by which slavery was tolerated, should never be changed, and the law would not imply an undertaking of that sort from the terms of the bill of sale as stated in the answer.

Opinion of the Court.

The purchasers of slaves, whilst slavery was an institution of the state, took them subject to any change in the laws by which such property was held that the people of the United States, or their legally constituted agents might make, unless they expressly provided in their contract for the contingency, and as it is not alleged that Caroline was not at the date of the bill of sale a slave for life, according to the laws, as then in force in Kentucky, that portion of the defense was unavailing.

As to the second ground relied upon, it is sufficient to say that as the payment relied upon was to Mrs. Kelly, and she undertook that a credit should be allowed therefor on the note, appellants must look to her if appellees who are and were then the legal holders of the note refuse as they do, to allow them a credit for the amount paid. As to the validity of the alleged contract, and the effect of the payment to her of Confederate money, they are questions which will be considered and determined when they are properly presented to this court for adjudication. It results from what has been said that the circuit judge erred in over-ruling appellants' demurer to the answers of appellees. Wherefore, the judgment is *reversed,* and the cause remanded with directions to sustain the demurrer to the original and amended answers and further proceedings consistent with this opinion.

*James & Farmer, for appellant.*

*Rodman, for appellee.*